http://www.va.gov/vetapp16/Files4/1634331.txt

Citation Nr: 1634331 
Decision Date: 08/31/16 Archive Date: 09/06/16

DOCKET NO. 06-21 628 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Lincoln, Nebraska

THE ISSUES

1. Entitlement to service connection for a right knee disability. 

2. Entitlement to service connection for a left knee disability. 

REPRESENTATION

Appellant represented by: Maxwell D. Kinman, Attorney at Law

ATTORNEY FOR THE BOARD

Evan M. Deichert, Counsel

INTRODUCTION

The Veteran served on active duty in the United States Army from July 1968 to June 1971. The Veteran subsequently served in the Nebraska Army National Guard from July 1977 to January 1979, and from January 1981 to August 1996, including periods of active duty for training (ACDUTRA) and inactive duty training (INACDUTRA). 

This matter is before the Board of Veterans' Appeals (Board) on appeal of a December 2005 rating decision of the Lincoln, Nebraska, Regional Office (RO) of the Department of Veterans Affairs (VA).

A brief review of the procedural history of the Veteran's claims is instructive. This case first came before the Board in July 2010. The Board reopened the Veteran's previously denied claims of service connection for bilateral knee disabilities; the Board then remanded these reopened claims for further development. 

When the case returned to the Board in February 2012, the Board considered both the issues of entitlement to service connection for right and left knee disabilities and the issue of entitlement to an increased rating for bilateral hearing loss. The Board denied the Veteran's claims of service connection for bilateral knee disabilities, and it remanded his increased rating claim. 

The Veteran appealed the denials of service connection for his bilateral knee disabilities to the United States Court of Appeals for Veterans Claims (Court). In March 2013, the Court granted a Joint Motion for Remand that vacated the Board's February 2012 denial of service connection for bilateral knee disabilities and returned these issues to the Board. 

In November 2013, the Board considered the Veteran's claims of service connection for bilateral knee disabilities as well as the issue of entitlement to an increased rating for hearing loss. The Board remanded the Veteran's service connection claims, but determined that an increased rating for bilateral hearing loss was not warranted. The issue of entitlement to an increased rating for bilateral hearing loss is thus no longer before the Board. 

Most recently, in November 2014 the Board again remanded the Veteran's claims for service connection for bilateral knee disabilities for further development. These issues have now returned to the Board. 

FINDINGS OF FACT

1. The Veteran did not injure his left knee during his active service, or his right knee during a period of ACDUTRA or INACDUTRA with the Nebraska National Guard. 

2. The Veteran's current right and left knee disabilities are not related to his active service or to his National Guard service. 

CONCLUSIONS OF LAW

1. The criteria for service connection for a right knee disability have not been met. 38 U.S.C.A. §§ 101, 106, 1110, 1131, 5107 (West 2014); 38 C.F.R. §§ 3.6, 3.102, 3.303 (2015). 

2. The criteria for service connection for a left knee disability have not been met. 38 U.S.C.A. §§ 101, 106, 1110, 1131, 5107 (West 2014); 38 C.F.R. §§ 3.6, 3.102, 3.303 (2015). 

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

I. Duties to Notify and to Assist

VA has a duty to provide notice of the information and evidence necessary to substantiate a claim. 38 U.S.C.A. § 5103(a) (West 2014); 38 C.F.R. § 3.159(b) (2015).

October 2005 and March 2006 letters satisfied the duty to notify provisions. As the Veteran's case has been subsequently readjudicated numerous times, any timing-of-notice defect has been cured. 

VA also has a duty to provide assistance to substantiate a claim. 38 U.S.C.A. § 5103A (West 2014); 38 C.F.R. § 3.159(c).

The Veteran's service treatment and personnel records have been obtained. Post-service VA and private treatment records have also been obtained. The Veteran did not indicate, and the record does not reflect, that he sought disability benefits from the Social Security Administration. 

Though the Veteran has undergone VA examinations in August 2010 and February 2016, the Board has previously discussed the shortcomings of the August 2010 VA examination. In this decision, the Board shall discuss only the February 2016 examination, as that examination (and its corresponding opinion) is sufficient for deciding the claims. Specifically, the report is adequate as it is based upon consideration of the Veteran's prior medical history and examinations, describes the disability in sufficient detail so that the Board's evaluation is a fully informed one, and contains a reasoned explanation. 

In a June 2016 letter, the Veteran's attorney requested that the Board "remand the claim for a new examination." He contended that the examiner did not comply "with the previous remand orders from the Board or the Court," and that "the examiner continues to discount and find incredible the statements from the Veteran." The Board disagrees with the characterization of the February 2016 opinion and examination here. Notably, the examiner responded directly to the questions posed by the Board in its November 2014 remand (which asked the examiner to identify all current disabilities and determine whether such disabilities are related to any period of service, whether active or not) as shown in much greater detail below. Further, the examiner based her lengthy and comprehensive opinion on a full and complete review of the record. Other than making generalized statements, the Veteran's attorney did not otherwise identify deficiencies in the examination or opinion. Accordingly, a remand for a new examination or opinion is unnecessary here. 

As noted above, this case has been before both the Board and the Court in the past. VA has completed all actions required by both entities. Specifically, the March 2013 Joint Motion vacated the Board's February 2012 decision for not complying with the holding of Buchanan v. Nicholson, 451 F.3d 1331 (Fed. Cir. 2006). In the decision herein, the Board has explicitly addressed the issue identified by the Joint Motion as it pertains to the lack of corroborating medical records. With regard to the Board's previous remands, since the November 2014 remand, additional service treatment records and service personnel records have been obtained and associated with the Veteran's file, and the Veteran underwent a VA examination in February 2016. The Board thus concludes that there has been substantial compliance with both its and the Court's remands, and that the case may move forward without prejudice to the Veteran. Stegall v. West, 11 Vet. App. 268, 271 (1998). For the foregoing reasons, VA's duty to assist has been met.

II. Service Connection for Right and Left Knee Disabilities

Legal Criteria

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by active service. See 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303. "To establish a right to compensation for a present disability, a veteran must show: "(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service"-the so-called "nexus" requirement." Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2010) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004)).

For periods of ACDUTRA, service connection may be granted for disabilities resulting from a disease or injury incurred in or aggravated while performing ACDUTRA; for periods of INACDUTRA, service connection is only warranted for injuries incurred or aggravated while performing inactive duty for training. 38 U.S.C.A. §§ 101(22)-(24), 106(d), 1110, 1141; 38 C.F.R. § 3.6(c), (d), 3.303.

Facts and Analysis

The Veteran's basic contention is essentially that he currently suffers from right and left knee disabilities that are related either to his active service or to injuries suffered during periods of ACDUTRA or INACDUTRA. 

First, the Board notes that the Veteran has suffered from bilateral knee disabilities over the course of the appeal period. The February 2016 VA examination diagnosed the Veteran as suffering from total knee arthroplasty of the bilateral knees, status post degenerative joint disease of the bilateral knees. Earlier VA and private treatment records similarly show diagnoses of arthritis in the Veteran's bilateral knees. The current disability criterion is met for both claims. 

The Veteran's claims are not substantiated, however, as there is not sufficient credible evidence of in-service injuries (occurring during either the Veteran's active or National Guard service) to his bilateral knees. 

The Veteran has consistently maintained that he injured his left knee during his period of active service, and that he injured his right knee during his service in the National Guard. 

As to his left knee, in a June 1999 letter submitted in conjunction with an earlier claim, the Veteran stated that he injured his left knee while stationed in Germany during his active service. He stated that he "was carrying something heavy and turned quickly and my leg slipped on something on [the] floor and my left knee gave out." At a December 2002 VA primary care appointment, the Veteran stated that he injured his left knee in Germany and that "he has had continual problems with his left knee since then." At an August 2010 VA examination, the Veteran stated that after injuring his knee during his active service, "he was laid up for 3 days and was seen in follow-up," returning to regular duty thereafter. At his February 2016 VA examination, the Veteran stated that he injured his left knee in Germany approximately 4-8 weeks before his separation. The Veteran stated that he sought treatment after his fall, and that he had his knee wrapped and was placed on light duty for 1 week. He stated that he then had a temporary duty assignment to Denmark, but that he did not seek further treatment before his separation. 

In reviewing all of the associated evidence, the Board does not find the Veteran's description of suffering a left knee injury during his active service to be credible. Notably, though the Veteran contends that he sought treatment for his left knee, his service treatment records are completely silent as to any complaint of or treatment for a left knee injury. Indeed, the Veteran contends that he injured his knee shortly before his separation, yet his May 1971 separation examination is silent as to any left knee disabilities. 

The Board is mindful of the March 2013 Joint Motion and its direction to consider the holding in Buchanan. In that case, however, while the Federal Circuit held that the lack of corroborating records "does not, in and of itself, render lay evidence not credible," a "lack of contemporaneous medical records may be a fact that the Board can consider and weigh against a veteran's lay evidence." Buchanan, 451 F.3d at 1336. Further, the Board is permitted to consider instances where records are silent despite the fact that records would regularly be kept and document a claimant's contentions. See AZ v. Shinseki, 731 F.3d 1303, 1316 (Fed. Cir. 2013). Here, the Board is not categorically rejecting lay evidence.

In finding that the Veteran's description of his claimed in-service left knee injury is not credible, the Board considers not only the absence of records, but the fact that the Veteran contended that he sought treatment for his injury. The Veteran's service treatment records from his active service reflect treatment for various injuries and illnesses during his active service, yet are entirely silent as to a left knee injury despite the Veteran's contention that he sought treatment for this injury. Given these shortcomings, the Board finds that there is no credible evidence of a left knee injury during the Veteran's active service. For that claim, the in-service incurrence criterion is not met. 

As to his right knee disability, the Veteran contends that he suffered two separate injuries during periods of training during his National Guard service. In a June 1999 letter, he stated that he initially injured his right knee "in the early 1980s" when he fell off a truck, and that he reinjured his knee during a summer camp at Fort Riley. The Veteran stated that he did receive medical care for his injuries "which should be in my National Guard medical records." He reiterated these contentions at a December 2002 VA primary care appointment, again stating that he injured his knee "in the early 1980s" and that he received medical care for these injuries during his Guard service. 

At an August 2010 VA examination, the Veteran stated that he injured his right knee when he caught his foot in a sleeping bag (though the examiner recorded it as left, this appears to be in error, considering the totality of the Veteran's other statements regarding his right knee injury). The Veteran stated that he did seek treatment for that injury. Most recently, at his February 2016 VA examination, the Veteran stated that he injured his right knee in training in 1991 when the bottom step of a truck broke and his right knee landed on a rock. He stated that he was evaluated for his injury, had his knee wrapped, and that his injury improved after one week. 

The Board does not find the Veteran's descriptions of his right knee injury to be credible. First, the Board notes that the Veteran's February 2016 description of his right knee injury differs from his earlier contentions. At that examination, the Veteran described only one injury during his National Guard service as opposed to the two he had previously described; he also described this injury as occurring in 1991 as opposed to the early 1980s. The Veteran's inconsistent descriptions of his claimed injury lead the Board to doubt his credibility. 

Second, though the Veteran consistently contended that he sought treatment for his claimed injuries during his National Guard service, his service treatment records are again silent as to any such injuries. Notably, there is a line of duty determination and treatment records regarding a left elbow injury that the Veteran suffered in 1981. Should the Veteran have injured his right knee during his National Guard service, it is expected that similar line of duty determinations and accompanying medical records would exist regarding these injuries. Further, the Veteran underwent periodic examinations during his service in the National Guard; prior to the early 1990s, there is no record of any right knee disability on the Veteran's examinations or on his reports of medical history. 

The Veteran first reported suffering from "arthritis, rheumatism, or bursitis" on an August 1992 report of medical history, though it is not clear whether the Veteran was indicating any disability of his knees; a corresponding August 1992 examination did not note any disability of the Veteran's knees. The Veteran was placed on a permanent profile for his knees in September 1993; this profile noted that the Veteran had "bilateral degenerative knee disease," but did not note any injuries having occurred in the National Guard. 

Private treatment records from Horizons West Medical Group from before and during one of the periods of the Veteran's National Guard service do record right knee injuries and complaints of right knee pain. None of these records, however, reflect injuries in the manner described by the Veteran, nor do they place the date and time of his injuries in line with his dates of ACDUTRA or INACDUTRA. An October 1980 treatment note (from a period between the Veteran's National Guard service dates) reflects the Veteran's statement that he injured his right knee on a moped 6 weeks prior to the appointment. He stated that he had twisted his right knee again the previous night while bowling. A June 1981 record noted that the Veteran complained of right knee pain after turning on it wrong at work the previous day. An October 29, 1981 record noted the Veteran's complaint of right knee pain after a fall. The Veteran was not on a period of training on this date, nor did the Veteran attribute state that his fall occurred during a period of training. 

The lack of any documentation regarding the Veteran's claimed National Guard injuries to his right knee leads the Board to question the credibility of his contentions. As above, the Board bases its findings not simply on the fact that no records corroborate the Veteran's contentions, but further on the fact that the Veteran contends that he received treatment for his injuries, yet no treatment is shown. Considering the treatment records that do exist for separate injuries, the fact that the Veteran denied suffering from knee pain numerous times on reports of medical history from the relevant period, and the fact that periodic examinations failed to show any right knee disability prior to the early 1990s, the lack of corroborating records weighs heavily against the Veteran's credibility. 

In summary, the Veteran has been inconsistent in describing the injuries he contends that he suffered to his right knee during his National Guard service, and his service treatment records and service personnel records do not corroborate his contentions where he indicates there should be treatment. As there is not sufficient credible evidence of an in-service injury to the Veteran's right knee, the in-service incurrence criterion is not met for this claim. 

As a final matter, the most probative competent evidence of record also does not relate the Veteran's current disabilities to his active service or to any injuries suffered during his National Guard service. In a February 2016 opinion, a VA examiner concluded that "based on the facts, medical evidence, medical history, veteran statement, and previous C&P exams," the Veteran's current bilateral knee disabilities were "not caused by, a result of, or aggravated during any period of military service (active Army, ACDUTRA, or INACDUTRA with ARNG)." In support of her opinion, the examiner chronicled the Veteran's dates of service and his medical history, citing directly to records in the Veteran's claims file. She noted that there was no record of the Veteran injuring his right or left knees during his active or National Guard service. She further noted the Veteran's right knee injuries that occurred outside of any training period for the National Guard. The examiner stated that the medical records supported the Veteran had a "natural arthritic progression" from the time of his 1980 moped injury. She also noted that medical literature reflects that "obesity and advancing age are [the] strongest risk factors for osteoarthritis," and that the Veteran had been obese for many years and had strenuous post-service occupations. 

In support of his claims, the Veteran submitted a September 2005 letter from D.G., MD. Dr. D.G. noted the Veteran's contentions that he injured his left knee during his active service, and that he injured his right knee "while on training in the National Guard in the early 1980s." Dr. D.G. stated that the Veteran had "significant degenerative joint changes" in both of his knees, and that "it is possible that the progress of his degenerative changes could have been accelerated" by the Veteran's claimed injuries, "although it would be hard to state that they were definitely caused by either of these particular injuries." 

For numerous reasons, the Board finds that Dr. D.G.'s opinion should be afforded less probative value than that of the February 2016 VA examiner. First, Dr. D.G.'s opinion is equivocal and speculative, stating that it is only "possible" that the Veteran's current disabilities were related to his claimed injuries, and noting that it would be hard to make a more definitive statement. Dr. D.G. also relied on an account of injuries directly from the Veteran, an account which the Board has found to not be credible for reasons described above. Further, Dr. D.G. made no reference to any of the Veteran's medical records from during his service or thereafter, in contrast to the detailed opinion from the VA examiner. For these reasons, Dr. D.G.'s opinion is outweighed by the opinion of the February 2016 VA examiner. 

There is no other competent evidence in the Veteran's claims file linking his current bilateral knee disabilities to his active or National Guard service. Though the Veteran certainly contends that such a link exists, the Board finds that he is not competent to do so. While a claimant may be competent to provide the dates of injuries or the particular symptoms from which he suffered, determining the etiology of arthritis of the knees is a more complex question, requiring specialized medical knowledge or training. See Jandreau v. Nicholson, 492 F.3d 1372, 1377-78 (Fed. Cir. 2007). The Veteran's statements regarding the etiology of his bilateral knee disabilities thus cannot be considered competent evidence in support of his claims in this specific case. 

In summary, the Board finds both that there is not sufficient credible evidence of an in-service incurrence of the Veteran's right and left knee disabilities, and that the most probative competent evidence of record does not show that the Veteran's current bilateral knee disabilities are related to his active service or to any injuries suffered during the Veteran's service in the National Guard. 

In reaching the above conclusions, the Board considered the applicability of the benefit-of-the-doubt doctrine. However, as the preponderance of the evidence is against the Veteran's claims for service connection, that doctrine is not applicable to the instant appeal. See 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102; Ortiz v. Principi, 274 F.3d 1361, 1364 (Fed. Cir. 2001); Gilbert v. Derwinski, 1 Vet. App. 49, 55-56 (1990).

ORDER

Service connection for a right knee disability is denied.

Service connection for a left knee disability is denied. 

____________________________________________
RYAN T. KESSEL 
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs